In re Benjamin S. HOLLBERG, Debtor.

Bankruptcy No. 96–00960.

United States Bankruptcy Court,
District of Columbia.

April 30, 1997.

Sallye A. Higgin, Hyattsville, MD, for debtor.

Phillip T. Evans, Washington, DC, for Ocwen Federal.

Cynthia A. Niklas, Washington, DC, Chapter 13 trustee.

## DECISION REGARDING MOTION TO DISMISS

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The chapter 13 trustee has sought dismissal of this case with prejudice for 180 days under 11 U.S.C. § 109(g).[1] Ocwen Federal Bank, FSB ("Ocwen"), which has obtained an order granting it relief from the automatic stay to foreclose on the debtor's real property, objects to dismissal because the debtor might refile during the 180–day period and cause an automatic stay to arise anew under 11 U.S.C. § 362(a) in the new case. Ocwen requests that the case be converted to chapter 7 instead or that the court simply defer ruling on the motion until Ocwen completes its foreclosure sale. Because Ocwen is in error in concluding that a filing barred under § 109(g) would give rise to a new automatic stay, the court will overrule the objection.

---

1. The unopposed motion states valid grounds for a § 109(g) dismissal: the debtor's willful and intentional failure to notify the trustee (as was required by the order of confirmation) of the name and address of the debtor's current employer. Moreover, at a hearing of April 25, 1997, the debtor, through counsel, orally moved for dismissal. By the terms of § 109(g)(2), that type of voluntary dismissal, following as it does the filing of a motion for relief from the automatic stay, will be one with prejudice for 180 days.

Section 362(a) provides in relevant part that "a petition filed under section 301, 302, or 303 of this title ... operates as a stay...." Under 11 U.S.C. § 101(42) " 'petition' means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, *commencing a case under this title.*" [Emphasis added.] Because a case cannot be commenced regarding a debtor whose case has been dismissed less than 180 days ago under § 109(g), any document labeled "petition" filed regarding that debtor in the 180-day period does not commence a case and does not constitute a petition. Accordingly, such a "petition" does not give rise to an automatic stay under § 362(a).

To explain this analysis in greater detail, you first turn to the precise language of §§ 301, 302 and 303. In the case of § 301, "A voluntary case under a chapter of this title is *commenced* by the filing with the bankruptcy court of a petition under such chapter by *an entity that may be a debtor under such chapter.*" [Emphasis added.] Sections 302 (joint cases) and 303 (involuntary cases) impose the same requirement that for the case to be commenced, the debtor must be an entity that may be a debtor under the chapter under which the case is commenced.

To determine whether an individual may be a debtor, you next turn to § 109 (entitled "Who may be a debtor"). Section 109(g) provides:

> Notwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; ...

.    .    .    .    .

Thus, a § 109(g) dismissal (such as would be granted here) precludes a case from being commenced regarding the debtor during the 180 days following dismissal. Thus, any document labeled "petition" that such a debtor files during the 180-day bar of a § 109(g)

dismissal is not the filing of a petition as defined in § 101(42) and thus gives rise to no automatic stay under § 362(a).

A conversion to chapter 7 would be trading the certainty that a § 109(g) dismissal precludes refiling for non-statutory doctrines that preclude refiling when another bankruptcy case is pending. Even if such non-statutory doctrines are correct, there is no more certainty (in comparison to a § 109(g) dismissal) that such a bar against refiling prevents any newly filed case from giving rise to an automatic stay.