**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: AKEMI TAKAYAMA WIENCKO,
                                   *Debtor.*

---

AKEMI TAKAYAMA WIENCKO,
                 *Plaintiff-Appellant,*

                 v.

DAVID EHRLICH,
                 *Defendant-Appellee.*

---

UNITED STATES TRUSTEE,
                              *Trustee.*

No. 03-2128

In Re: CLYDE T. SHAW; In Re:
DORIS LEDERER,
                              *Debtors.*

---

CLYDE T. SHAW; DORIS LEDERER,
                 *Plaintiffs-Appellants,*

                 v.

DAVID EHRLICH,
                 *Defendant-Appellee.*

---

UNITED STATES TRUSTEE,
                              *Trustee.*

No. 03-2129

Appeals from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, Senior District Judge.
(CA-03-252-7; CA-03-254-7; BK-01-5219-7-RKR;
BK-01-5217-7-RKR)

Submitted: April 30, 2004

Decided: May 24, 2004

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Howard J. Beck, Jr., Lori D. Thompson, GENTRY, LOCKE, RAKES & MOORE, Roanoke, Virginia, for Appellants. Richard C. Maxwell, B. Webb King, WOODS ROGERS, P.L.C., Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Clyde Shaw, Doris Lederer, and Akemi Takayama Wiencko (the Debtors) appeal from the district court's orders affirming, on alternate grounds, the bankruptcy court's rulings finding that a Pennsylvania state court order in favor of David

Ehrlich was valid and did not violate the automatic stay in their bankruptcy proceedings. We affirm.

All of the parties were, at one time, members of a classical string quartet called the Audubon Quartet, a non-profit corporation organized in Pennsylvania and based in Blacksburg, Virginia. The Debtors terminated Ehrlich in early 2000; Ehrlich then filed suit in Pennsylvania state court. Judgment was entered in Ehrlich's favor, finding that the Debtors had breached their fiduciary duties to Ehrlich and awarding him $611,119.24.

On December 12, 2001, the Debtors filed petitions for relief under Chapter 13 of the bankruptcy code in the bankruptcy court for the Western District of Virginia. On December 20, 2001, the Pennsylvania trial court issued its "Adjudication and Final Decree," denying both parties' post-judgment motions and confirming its award of $611,119.24 to Ehrlich. On the same day, the notice of the pending bankruptcy proceedings was filed in the Pennsylvania court.

The Debtors filed motions in the bankruptcy court seeking to have the December 20, 2001, order of the Pennsylvania court declared null and void because it was entered after the automatic stay in their bankruptcy proceedings. Ehrlich, in turn, filed a motion to dismiss the Chapter 13 petitions on the grounds that the debtors were not qualified to proceed under Chapter 13 because their debt exceeded the limit provided in 11 U.S.C. § 109(e) (2000). The bankruptcy court granted Ehrlich's motion, dismissed the Debtors' Chapter 13 petition, and denied as moot the Debtors' motion seeking to have the Pennsylvania court order declared void. On May 30, 2002, the bankruptcy court granted the Debtors' motions to convert the cases to Chapter 11 proceedings. The Debtors again moved to have the Pennsylvania court's order declared void. On October 31, 2002, the bankruptcy court issued an order finding that the dismissal of the Debtors' Chapter 13 petition effected a dissolution of the automatic stay, notwithstanding their later conversion to Chapter 11. The court further found that the Pennsylvania court's December 20, 2001, order was in violation of the automatic stay in effect at the time and was therefore void.

The court reversed itself a month later and held that no automatic stay ever existed because the Debtors were ineligible for relief under

Chapter 13 when they filed their petitions. Accordingly, the court found, the Pennsylvania court's order was valid.

The Debtors appealed to the district court. Disagreeing with the bankruptcy court, the court held, first, that the automatic stay arises immediately upon the filing of a petition in bankruptcy, even where the debtor is ineligible for relief under the Chapter in which he or she filed. The court nevertheless affirmed the bankruptcy's ultimate determination that the Pennsylvania court order was valid because it could have been rendered valid under 11 U.S.C. § 362(d) (2000), which allows a court to retroactively lift the automatic stay. The Debtors noted timely appeals.

This court reviews the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards of review that were applied in the district court. *Three Sisters Partners, L.L.C. v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 847 (4th Cir. 1999). Specifically, the bankruptcy court's factual findings are reviewed for clear error, and legal determinations are reviewed de novo. *Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.)*, 128 F.3d 203, 206 (4th Cir. 1997).

We conclude that the bankruptcy court erred in finding that the automatic stay never arose in the Debtors' Chapter 13 proceeding because they were ineligible for relief under that Chapter. Section 362 "imposes an automatic stay on all proceedings merely upon the filing of a bankruptcy petition." *Gilchrist v. General Elec. Capital Corp.*, 262 F.3d 295, 303 (4th Cir. 2001). The bankruptcy court's construction of § 362 creates an unwarranted exception to the automatic stay and, therefore, we find that the stay was in effect at the time the Pennsylvania court entered the December 20, 2001, order.

Nevertheless, we conclude, as did the district court, that the bankruptcy court's ultimate determination that the state court order is valid may be affirmed on alternate grounds supported by the record. *See Helvering v. Gowran*, 302 U.S. 238, 245 (1937).

Under § 362(d), bankruptcy courts have the discretion to annul the automatic stay retroactively for cause in order to rehabilitate stay violations. *See Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-

09 (9th Cir. 1995). Three factors are considered in determining whether "cause" exists for lifting a stay under § 362(d):

> (1) whether the issues in the case involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*In re Robbins*, 964 F.2d 342, 346 (4th Cir. 1992). We find that all three factors weigh in favor of annulling the stay under § 362(d).

First, the issues involved in the underlying litigation clearly involve only state law. The suit involved the rights and duties of fiduciaries of a closely-held corporation under Pennsylvania law. Further, the December 20, 2001, order was only a formality because both liability and amount of damages had been determined in the court's October 12, 2001, Decree Nisi.

Second, as the district court noted, "principles of judicial economy and comity weigh heavily in favor of annulling the automatic stay" where the order at issue was entered after eighteen months of costly litigation and where the final order of judgment was "only a formality." Finally, there will be little if any harm to the Debtors' estate as the automatic stay from the Debtors' subsequent Chapter 11 proceeding is currently in place to prevent any collection efforts by Ehrlich. Therefore, the stay associated with the Chapter 13 proceedings could have been annulled retroactively under § 362(d).

The Debtors argue that the district court's application of § 362(d) was improper because the court: (1) exceeded its jurisdiction where a motion to annul the stay was pending in the bankruptcy court; (2) exceeded the scope of its appellate review when it ruled on a matter outside the scope of the issues raised on appeal; (3) denied them due process because they were not afforded notice and a hearing as required under § 362(d); and (4) reached its decision on the issue of

annulment without a record to support it. These arguments were addressed by the district court in denying the Debtors' motion for reconsideration. As the district court properly noted, the motion to annul was mooted when the bankruptcy court issued its November 22, 2002, and January 7, 2003, orders holding that no automatic stay arose when the Debtors filed for bankruptcy. Next, an appellate court may affirm on alternate grounds—including grounds not raised by the parties—where a sufficient basis appears on the record. Here, a sufficient basis appears in the record to support application of § 362(d). In applying § 362(d), the district court considered the history of the Pennsylvania state court litigation, all of which is included in the record and discussed in detail in the bankruptcy court's rulings. Finally, although § 362(d) does state that the court must provide notice and a hearing, the Debtors cannot show that they were prejudiced by the failure of the district court to do so.

Accordingly, we affirm the district court's order affirming on alternate grounds the bankruptcy court's rulings determining that the Pennsylvania state court order entered on December 20, 2001, did not violate the automatic stay and is, therefore, valid. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*