In re Mirielys VALDEZ, Debtor.

No. 05–60175–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida,
Miami Division.

Dec. 13, 2005.

Nancy N. Herkert, Miramar, FL, for trustee.

*ORDER DISMISSING, WITHOUT PREJUDICE, PRO SE PETITION OF MIRIELYS VALDEZ FOR FAILURE TO OBTAIN BUDGET AND CREDIT COUNSELING PRIOR TO FILING*

A. JAY CRISTOL, Chief Judge.

**THIS CAUSE** came before the Court upon the *pro se* petition of Mirielys Valdez, filed on December 6, 2005, and upon a *Certificate of Exigent Circumstance which Warrant a Waiver of Requirements for Budget and Credit Counseling Prior to Filing Petition.* In the Certificate, Mirielys Valdez states that her "homestead property is under foreclose [sic] and set for sale on December 8, 2005 and I did learned [sic] of the credit counseling service requirement until I learned from the Clerk of the Court." Ms. Valdez's Certificate does not state that she requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services within the 5–day period beginning on the date on which the request was made, as is required by 11 U.S.C. § 109(h) to warrant a waiver of credit counseling. Instead, Mirielys Valdez states that she did not know the law required such counseling and thus exigent circumstances existed because her homestead was scheduled for foreclosure sale in two days.

The Court would concede that exigent circumstances existed in regard to the impending loss of Mirielys Valdez's home at foreclosure sale. Exigent circumstances are defined in *Black's Law Dictionary* as follows:

**exigent circumstances. 1.** A situation that demands unusual or immediate action and that may allow people to circumvent usual procedures, as when a neighbor breaks through a window of a burning house to save someone inside. **2.** A situation in which a police officer must take immediate action to effectively make an arrest, search, or seizure for which probable cause exists, and thus may do so without first obtaining a warrant. ● Exigent circumstances may exist if (1) a person's life or safety is threatened, (2) a suspect's escape is imminent, or (3) evidence is about to be removed or destroyed.—Also termed *emergency circumstances; special circumstances.*

Exigency and exigent are defined in *Webster's New Collegiate Dictionary* as follows:

ex•i•gen•cy * 'ek–sə–jən–s;e, ig–'zij–ə– * *also* **Ex•i•gence** * 'ek–sə–jən(t)s* *n* 1: the quality or state of being exigent 2: such need or necessity as belongs to the occasion—usu. Used in pl. **syn** see JUNCTURE, NEED

ex•i•gent * 'ek–sə–jənt* *adj* [L *exigent-, exigens*, prp. of *exigere* to demand] 1: requiring immediate aid or action 2: requiring or calling for much: DEMANDING—**ex•i•gent•ly** *adv*

▮ Clearly, exigent circumstances existed in regard to Mirielys Valdez's concern to save her homestead. However, the term exigent circumstances, as used in Section 109 of the Bankruptcy Code, does not appear to refer to a prospective debtor's problems or situation, but rather it appears to refer to the circumstances preventing the person from obtaining the required budget and credit counseling and the certificate confirming same. It seems from the language of the statute that a debtor must certify that "exigent circumstances" *prevented* the Debtor from obtaining counseling, but that such counseling was attempted and the debtor was unable to obtain the services within 5 days of the attempt.

▮ In this case Mirielys Valdez pleads ignorance of the requirement until too late to fulfill it. It is a long recognized doctrine that ignorance of the law is not an excuse, and will not serve to justify a delay which causes exigent circumstances.

The Court wonders what exactly was intended by Congress in regard to this Code section. Is it the intent of Congress that poor, ignorant persons who do not know the law and cannot afford to obtain the advice of counsel are to be denied protection and assistance of the Bankruptcy Code which is available to more affluent and better educated persons? Or, is it the intent of Congress that decent, honest, hardworking persons, who have suffered financial misfortune or tragedy, be educated by budget and credit counseling services to help them determine if there is a more appropriate way to deal with their financial problems? Sadly, the language in the Code does not clearly reveal Congress' intent; either the Code language was inartfully drafted or the congressional intent was indeed the former less compassionate, harsher result, rather than the latter.

▮ While the sympathy of the Court goes out to the object of this harsh interpretation, the Court may not modify statutory language based on sympathy and must enforce the plain unambiguous language of the statute. Under 11 U.S.C. § 109(h)(3), Mirielys Valdez does not qualify as a debtor as she has not fulfilled the budget and credit counseling requirement necessary to become a debtor and she is not, by her own admission, entitled to a waiver of such requirement as she has failed to demonstrate exigent circumstances exist, as that term is used in the Code. Accordingly, the voluntary petition she filed under Chapter 13 of the Bankruptcy Code must be dismissed.

▮ Because the petition failed to provide Mirielys Valdez status as a debtor, the Court will not consider this a dismissed case in which the individual was the debtor, for purposes of denying the imposition of the automatic stay in a subsequently filed case pursuant to 11 U.S.C. § 362. Thus, the Court views the criteria established by 11 U.S.C. § 109 as jurisdictional. Should Mirielys Valdez proceed to obtain budget and credit counseling as required under 11 U.S.C. § 109(h)(3), she will then be eligible to become a debtor under 11 U.S.C. § 109 and any petition

thereafter filed in a timely manner, within 180 days after completion of the credit counseling services, will be treated as her first petition, not subject to 11 U.S.C. § 362(c)(3) or (c)(4).

It is

**ORDERED AND ADJUDGED** that the voluntary petition filed by Mirielys Valdez is DISMISSED, without prejudice.