**In re Daryl Evont ROSS, Debtor.**

**No. 05–86669–PWB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 8, 2006.

Daryl Evont Ross, pro se.

Mary Ida Townson, Atlanta, GA, Chapter 13 Trustee.

## ORDER

PAUL W. BONAPFEL, Bankruptcy Judge.

Section 109(h) of the Bankruptcy Code, 11 U.S.C. § 109(h), as added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides that an individual is not eligible to be a debtor in a bankruptcy case unless, with certain exceptions, the individual has received a prepetition credit counseling and budget briefing from an approved nonprofit agency. The Debtor in this case requested that the Court permit him to obtain the required briefing after the filing of his petition under the "exigent circumstances" exception of § 109(h)(3). Because he did not establish that he requested the briefing prior to filing the petition, however, he may not invoke this exception.[1] Thus, he is ineligible to be a debtor in this case.

Given the Debtor's ineligibility, the Court must decide whether to dismiss the case or to strike the petition. A number of courts, without discussing the issue, have dismissed cases filed by individuals who are not eligible under § 109(h). *E.g., In re DiPinto,* 336 B.R. 693 (Bankr.E.D.Pa. 2006); *In re Sosa,* 336 B.R. 113 (Bankr. W.D.Tex.2005); *In re Rodriguez,* 336 B.R. 462 (Bankr.D.Idaho 2005); *In re Talib,* 335 B.R. 417, *reconsideration denied,* 335 B.R. 424 (Bankr.W.D.Mo.2005); *In re Childs,* 335 B.R. 623 (Bankr.D.Md.2005); *In re*

---

1. *E.g., In re Sosa,* 336 B.R. 113 (Bankr. W.D.Tex.2005); *In re Childs,* 335 B.R. 623 (Bankr.D.Md.2005); *In re Cleaver,* 333 B.R. 430 (Bankr.S.D.Ohio 2005); *In re Watson,* 332 B.R. 740 (Bankr.E.D.Va.2005); *In re Gee,* 332 B.R. 602 (Bankr.W.D.Mo.2005).

*Cleaver,* 333 B.R. 430 (Bankr.S.D.Ohio 2005); *In re Watson,* 332 B.R. 740 (Bankr. E.D.Va.2005); *In re Gee,* 332 B.R. 602 (Bankr.W.D.Mo.2005).

A few courts, however, have ruled that a bankruptcy petition filed by an individual who is ineligible under § 109(h) does not commence a bankruptcy case. *In re Rios,* 336 B.R. 177 (Bankr.S.D.N.Y.2005); *In re Hubbard,* 333 B.R. 377 (Bankr.S.D.Tex. 2005). Because there is no case to dismiss, these courts have stricken the would-be debtor's petition. Another court dismissed an ineligible individual's case, but its additional ruling that the petition "failed to provide [the individual] status as a debtor," appears to have the same effect. *In re Valdez,* 335 B.R. 801 (Bankr.S.D.Fla. 2005). Under these cases, as noted by the *Rios* court, a case initiated by an ineligible debtor's petition is void *ab initio. Rios, supra,* at 178–79.

Whether a filing by an individual ineligible under § 109(h) commences an effective case or one that is void *ab initio* is important because the answer affects how the automatic stay of 11 U.S.C. § 362(a) works in any later case that the individual might file and in the ineligible case. As the *Rios* court explained, striking the petition on the ground that its filing does not commence a case means that, if the individual later files a case, the stricken petition will not count as a "pending case" for purposes of applying § 362(c)(3), which terminates the automatic stay in the later case after 30 days if the debtor had another case pending within the previous year, unless the debtor proves entitlement to its extension. *Rios, supra,* at 179–80. The *Valdez* court concluded that the same consequence followed from its ruling that ineligibility under § 109 is jurisdictional. *Valdez, supra.* Likewise, because the filing of a petition by a debtor ineligible under § 109(h) does not commence a case under the void *ab initio* rationale, no stay arises upon the filing of such a petition. *Rios, supra,* at 180 n. 2.

▮ The Court concludes that eligibility under § 109 in general and under § 109(h) in particular is not jurisdictional and that, therefore, the filing of a petition by a debtor ineligible to do so nevertheless commences a bankruptcy case that is neither a "nullity" nor void *ab initio.* Consequently, upon timely determination that an individual ineligible to be a debtor under § 109(h) has filed a petition, the proper remedy is dismissal of the case.

Congress enacted the credit briefing requirement as an eligibility condition by adding new subsection (h) to § 109 as one of several subsections governing eligibility of individuals to be debtors in bankruptcy cases. The amendment did not otherwise change the existing eligibility provisions in § 109. Section 109(e) restricts eligibility for chapter 13 cases to individuals within defined debt limits who have regular income. Section 109(g) makes an individual ineligible to be a debtor if the individual was the debtor in a case pending within the 180 days preceding the filing of the new case and the earlier case was dismissed under certain circumstances.

Significantly, Congress did not provide a different consequence for § 109(h) ineligibility than for ineligibility under any other provision of § 109. Nothing in the statutory language indicates an intent to establish a new rule for petitions filed by debtors ineligible under § 109(h). It follows that ineligibility under § 109(h) should be treated like ineligibility under any other provision of § 109. The Court thus examines the cases that have decided the effect of ineligibility under § 109(e) and § 109(g).

Almost all courts now recognize that the filing of a chapter 13 petition by a debtor ineligible to do so under § 109(e) neverthe-

less commences a case that invokes the jurisdiction of the bankruptcy court,[2] but the courts disagree as to the consequences of the filing of a petition by a debtor who is ineligible under § 109(g). Because § 109(g), if applicable, makes an individual ineligible to be a debtor in *any* bankruptcy case whereas § 109(e) only restricts an individual from being a debtor in a chapter 13 case,[3] the § 109(e) rulings are not necessarily determinative of the issue under § 109(h).

A number of courts hold that a case filed by a debtor ineligible to be a debtor under § 109(g) is void *ab initio*.[4] These courts

reason that, if an individual is ineligible to be a debtor under any chapter of the Bankruptcy Code, his filing of a petition does not commence a bankruptcy case and, as such, the case is a nullity. Courts in these cases are clearly concerned about abuse of the bankruptcy process through serial filings that repeatedly invoke the automatic stay, thus improperly frustrating the rights of secured creditors to foreclose on their collateral; they view the void *ab initio* consequence as an appropriate response to the problem.

Other courts have ruled that § 109(g) is not jurisdictional.[5] Under this view, the

**2.** *E.g., Rudd v. Laughlin,* 866 F.2d 1040 (8th Cir.1989); *Federal Deposit Insurance Corp. v. Wenberg (In re Wenberg),* 94 B.R. 631 (9th Cir. BAP 1988), *aff'd,* 902 F.2d 768 (9th Cir.1990); *Shaw v. Ehrlich (In re Shaw),* 294 B.R. 260 (W.D.Va.2003), *aff'd sub nom., In re Wiencko,* 99 Fed.Appx. 466 (4th Cir.2004) (unpublished); *In re Verdunn,* 210 B.R. 621 (Bankr. M.D.Fla.1997); *Franklin Fed. Bancorp v. Lochamy (In re Lochamy),* 197 B.R. 384 (Bankr. N.D.Ga.1995). *Contra, e.g., Comprehensive Accounting Corp. v. Pearson (In re Pearson),* 773 F.2d 751, 756–57 (6th Cir.1985); *Ekeke v. United States,* 133 B.R. 450 (S.D.Ill.1991).

**3.** *See, e.g., Shaw v. Ehrlich (In re Shaw), supra* note 2 (distinguishing § 109(e) and § 109(g)).

**4.** *Rowe v. Ocwen Fed. Bank & Trust,* 220 B.R. 591, 594–95 (E.D.Tex.1997) (alternate holding), *aff'd* 178 F.3d 1290 (5th Cir.1999) (unpublished); *McKay v. Alliance Mortgage Corp. (In re McKay),* 268 B.R. 908, 912 (Bankr. W.D.Va.2001) (Petition filed by individual ineligible under § 109(g) "was a nullity *ab initio* and did not invoke the automatic stay."); *In re Hollberg,* 208 B.R. 755, 756 (Bankr.D.D.C. 1997) (In dismissing case in which § 109(g) barred refiling within 180 days, the court explained that the filing of a "petition" by an ineligible debtor would not be the filing of a "petition" as defined in 11 U.S.C. § 101(42) and would not give rise to an automatic stay.); *In re Prud'Homme,* 161 B.R. 747, 751 (Bankr.E.D.N.Y.1993) ("Where a debtor's lack of entitlement under § 109(g) is clear and unquestioned, the filing is void *ab initio* and there exists no automatic stay for this court to address."); *In re Walker,* 171 B.R.

197, 202 (Bankr.E.D.Pa.1994) ("[A] filing contrary to § 109(g) is void *ab initio* and does not effect a valid automatic stay."); *Miller v. First Fed. Sav. & Loan Assoc. (In re Miller),* 143 B.R. 815, 820 (Bankr.W.D.Pa.1992) (Because the purpose of § 109(g) is to prevent the reimposition of stays in cases to which it applies, "it would be a perversion of the bankruptcy process for an impermissible bankruptcy filing to have any effect whatever."); *In re Keziah,* 46 B.R. 551 (Bankr.W.D.N.C. 1985) (petition stricken).

It is unclear whether *Casse v. Key Bank Nat'l Ass'n (In re Casse),* 198 F.3d 327 (2d Cir.1999), held that a case filed in violation of § 109(g) is void *ab initio* or that retroactive annulment of the stay in such a circumstance is appropriate. The court in *In re Flores,* 291 B.R. 44, 57–58 (Bankr.S.D.N.Y.2003), concluded that the holding of *Casse* was that the bankruptcy court did not abuse its discretion in annulling the stay in view of the filing of a case by an ineligible debtor. Both cases are discussed in Note, *The Filing of a Bankruptcy Petition in Violation of 11 U.S.C. § 109(g): Does It Invoke the Automatic Stay?,* 26 Cardozo L.Rev. 297, 310–14 (2004).

**5.** *E.g., Montgomery v. Ryan (In re Montgomery),* 37 F.3d 413, 415 n. 5 (8th Cir.1994) ("Section 109 determines eligibility for bankruptcy relief, not jurisdiction."); *Promenade National Bank v. Phillips (In re Phillips),* 844 F.2d 230, 235 n. 2 (5th Cir.1988) ("Issues pertaining to whether a debtor meets the requirements of § 109(g)(2) ....are defenses not jurisdictional requirements." (Internal

filing of a petition by an individual ineligible under § 109(g) effectively commences a case that results in the imposition of a stay under § 362(a). As the court in *In re Flores*, 291 B.R. 44, 52 (Bankr.S.D.N.Y. 2003), explained, "[A] bankruptcy filing within 180 days of a prior dismissal under Section 109(g) cannot be a nullity or void *ab initio*, because there is a threshold issue to be decided, the issue of whether the debtor 'may be a debtor' in the subsequent case." As *Flores* illustrates, the problems of abusive filings may be properly addressed through annulment of the stay under § 362(d), prejudicial dismissal under 11 U.S.C. § 349, or *in rem* stay relief that precludes the operation of the automatic stay in a later case. In *Flores*, the court effectively reached the same result as the void *ab initio* courts by annulling the automatic stay under § 362(d).

The Court concludes, in accordance with the reasoning in *Flores* and consistently with the two appellate courts that have considered the issue,[6] that § 109(g) is not jurisdictional and that a petition filed by an individual who by its terms is ineligible nevertheless commences a case that is not void *ab initio*. As the court stated in *Flores, supra*, 291 B.R. at 52:

> [T]he most important thing to be said about Section 109(g) is to note what it does *not* say. The statute does *not* say

that a subsequent filing within 180 days is void *ab initio* or a legal nullity, or that the automatic stay is void in such a filing. Indeed, the Bankruptcy Code does not articulate any consequence of a voluntary or involuntary filing by or against a debtor within 180 days of a dismissal under Section 109(g). Congress has left it to the court to determine the consequences of a filing in violation of a court order under Section 109(g), which the court must necessarily do based upon the facts of the case before it.

Courts considering eligibility to be a debtor in a bankruptcy case in analogous contexts have also concluded that eligibility is not a jurisdictional matter. The Fifth and Eighth circuits have held that the filing of an involuntary petition against a farmer, prohibited by 11 U.S.C. § 303, nevertheless commences a case and that ineligibility on that ground is an affirmative defense that is waived if not timely raised.[7] And the Tenth Circuit has noted that eligibility of an entity to be a debtor under § 109(c) in a chapter 9 case does not raise a jurisdictional question.[8]

BAPCPA's amendments to § 362 confirm that Congress did not view § 109(g) as being a jurisdictional provision. New § 362(b)(21)(A) provides an exception to

---

quotation and citation omitted)); *In re Flores*, 291 B.R. 44 (Bankr.S.D.N.Y.2003); *In re Stuart*, 297 B.R. 665, 670 (Bankr.S.D.Ga. 2003) ("In that § 109(g)(2) is a provision governing only Debtor's *eligibility* for relief and not the power of this Court to afford such relief, any relief received prior to [the creditor's] challenge under § 109(g)(2) may not be challenged for lack of jurisdiction of this Court over Debtor as 'a debtor.' "). *Accord*, 2 ALAN N. RESNICK AND HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 109.01[2] at 109–6.2–109–7, ¶ 109.08 at 109–54 (15th ed. Rev.2005).

6. *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415 n. 5 (8th Cir.1994); *Promenade*

*National Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 235 n. 2 (5th Cir.1988). The Court agrees with the *Flores* court that the Second Circuit in *Casse, supra* note 4, did not hold that a case filed in violation of § 109(g) is void *ab initio*. See *supra*, note 4.

7. *Marlar v. Williams (In re Marlar)*, 432 F.3d 813 (8th Cir.2005); *McCloy v. Silverthorne (In re McCloy)*, 296 F.3d 370 (5th Cir.2002).

8. *Hamilton Creek Metropolitan Dist. v. Bondholders Colorado Bondshares (In re Hamilton Creek Metropolitan Dist.)*, 143 F.3d 1381, 1385 n. 2 (10th Cir.1998).

the automatic stay of § 362(a) with regard to foreclosure of real property if the debtor is ineligible under § 109(g). If such a filing were void *ab initio* and did not result in an automatic stay under existing law, such an amendment would not have been necessary. Congress is presumed to know the state of existing law when it enacts new legislation.[9] The enactment of additional exceptions to the automatic stay thus evidences the understanding of Congress that a filing in violation of § 109(g) commences a case and results in an automatic stay.

Given the conclusion that the filing of a petition under § 109(g) commences a bankruptcy case that is not void *ab initio,* and given the absence of any indication that Congress intended that ineligibility under § 109(h) be treated any differently than ineligibility under § 109(g), it follows that the filing of a petition by an individual ineligible under § 109(h) commences a bankruptcy case that is effective, not a nullity that is void *ab initio.* This case, therefore, should be dismissed.

The *Rios* court reached the opposite conclusion based in part on its view of Congressional intent with regard to dismissal under § 109(h). There, the court reasoned that Congress did not intend that the filing of a bankruptcy petition by a debtor who had not obtained the prepetition briefing and did not qualify for an exception would limit the debtor's rights to bankruptcy relief in a later case filed after the briefing had been obtained. *Rios, supra* at 179–80. The *Rios* court thus concluded, *id.* at 180:

> [I]t is the Court's belief that Congress did not intend for debtors to enjoy the protections, or suffer the consequences, provided in the Bankruptcy Code unless

or until they received the credit counseling required by 11 U.S.C. § 109(h).

The Court doubts that Congress in enacting BAPCA was concerned about the consequences of an ineligible filing on an individual's later case other than, as noted above, to create an additional exception to the automatic stay for real estate foreclosures in cases filed in violation of § 109(g). Furthermore, Congress specifically dealt with the effect of serial filings in new §§ 362(c)(3) and (4); it did so without regard to eligibility under either prior or new law. Indeed, when Congress dealt with the interplay of the automatic stay of § 362 (essentially, a question in the first instance of jurisdiction) and eligibility under § 109, it dealt only with § 109(g) in a way that indicates it recognized that the petition of an ineligible debtor nevertheless commences an effective case over which the bankruptcy court has jurisdiction.

Moreover, even if Congress were concerned about protecting an ineligible debtor's rights in a later case, the conclusion that the ineligible petition is void *ab initio* will often have precisely the opposite effect. To be sure, dismissing the case as void *ab initio* keeps the case from counting as a prior pending case for purposes of § 362(c)'s limitations on stays in successive cases. But such "protection" will be a pyrrhic victory if, in the meantime, a creditor has completed a repossession or foreclosure because of the absence of a stay in the void case. Although courts might hope that creditors will wait for a judicial determination of ineligibility before exercising their remedies, *see Rios, supra,* at 180 n. 2, a creditor may decide to rely on its own review of the record concerning eligibility

---

**9.** *Cannon v. University of Chicago,* 441 U.S. 677, 699, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979).

or, more likely, may have completed a foreclosure without knowledge that the bankruptcy case was filed. If an ineligible debtor's case is void *ab initio*, a debtor in such circumstances will have no protection at all with regard to foreclosed assets in a later case.

If, as the *Rios* court's reasoning suggests, Congress did not intend to limit the Bankruptcy Code's protection of debtors by imposing the new briefing requirement, it presumably did not intend a consequence that could effectively eliminate all protection in the later case because assets are lost to foreclosure. And, of course, unsecured creditors, likewise, are better protected if assets with potential equity are not lost. These considerations support this Court's view that the way Congress chose to add the new briefing requirement to the Bankruptcy Code better expresses Congressional intent on this issue.

Treating an ineligible debtor's case as filed and dismissing it avoids serious problems that treating a petition as void *ab initio* or as failing to establish jurisdiction creates. Laying aside the question of whether an ineligible debtor should be able to rely on the facial validity of a petition filed to initiate a bankruptcy case, creditors and other parties in interest have a considerable interest in being able to rely on the existence of a case, the bankruptcy court's jurisdiction, and the validity of actions taken in the case.

If every case is subject to being dismissed as void *ab initio* at a later time, creditors and other parties will face enormous uncertainty. They will not know whether a valid case exists without investigation. Even after review of the record

reveals the absence of any proof of compliance with § 109(h), they still will not be sure that the debtor is ineligible, because the debtor may in fact have met the requirements but not perfected the record. Conversely, they will not know that the debtor is eligible even if the record on its face shows compliance with § 109(h); under the void *ab initio* result, the petition of an ineligible debtor must be stricken if the debtor in fact was not eligible but had erroneously shown that she was.

Especially in a jurisdiction such as this one with a high volume of individual filings, it is quite conceivable that administration of an individual's case might proceed despite § 109(h) ineligibility because the question does not immediately come to the attention of the court. If such a case is void *ab initio*, it arguably follows that any actions during the administration of the case are ineffective—by definition, there was and is no case. Although this might be welcome news to a preference defendant that could get its money back, the purchaser of estate assets from a trustee under § 363 would be justifiably unhappy at having the sale set aside. Doctrines of waiver or *res judicata* provide potential legal bases for fair resolution of these problems if there is a case before the court; [10] indeed, one treatise suggests that compliance with § 109(h) may be waived. 2 ALAN N. RESNICK AND HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 109.09[3] at 109–60 (15th ed. Rev.2005) ("Because eligibility requirements are not jurisdictional, they may be waivable by the court if the debtor made the unsatisfactory certification in good faith, and certainly should not apply if no entity moves to dismiss the case."). But they may be unavailable if the case is void *ab initio*.[11] And even if bankruptcy

10. *See, e.g., Franklin Federal Bancorp v. Lochamy (In re Lochamy)*, 197 B.R. 384 (Bankr. N.D.Ga.1995).

11. As the court in *Promenade National Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 236 n. 2 (5th Cir.1988) (citations omitted), stated:

To hold that the issue of debtor eligibility implicates subject matter jurisdiction would

courts can fashion doctrines to avoid unfair results in such void *ab initio* situations, the fact remains that substantial uncertainty will cloud every transaction related to a bankruptcy case. At a minimum, a careful purchaser of assets will need to add investigation of an individual debtor's eligibility to its due diligence check list.

For all of these reasons, this Court reaches the same conclusion with regard to the effect of § 109(h) ineligibility as the court in *In re Flores*, 291 B.R. 44, 62 (Bankr.S.D.N.Y.2003), reached with regard to § 109(g) ineligibility:

> The better rule appears to this Court to be to recognize that a petition filed with the bankruptcy court is a petition, and the case thereby commenced is a case, unless and until the bankruptcy court determines that the debtor did not have the right to be a debtor, in which case the court can dismiss the case and fashion such other relief as may be necessary to protect the rights of secured or other creditors.

Based on the foregoing, it is hereby ORDERED that this case be, and it hereby is, DISMISSED. The dismissal is without prejudice to the right of the Debtor to file another case at such time as he is eligible to do so under § 109(h).

have far-reaching consequences. If eligibility raised an issue of subject matter jurisdiction, the parties could not expressly waive, or be held to have waived, their objections on the issue.