In re John William **CAREY** and Joan Gaehring Carey, Debtors.

No. 6:06 BK 00490 ABB.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

May 16, 2006.

---

1. Doc. No. 1.

Paul L. Urich, Law Office of Paul L. Urich PA, Orlando, FL, for Debtors.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Request for Waiver of Credit Counseling Certificate at Time of Filing Due to Exigent Circumstances ("Request")[1] filed by John William Carey and Joan Gaehring Carey, the Debtors herein (collectively, the "Debtors"). An evidentiary hearing on the Request was held on April 10, 2006. Present at the hearing were the Debtors and their bankruptcy counsel. At issue is whether the Request complies with the requirements of 11 U.S.C. § 109(h). The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The Debtors are an elderly married couple who own and reside in a mobile home described as 1986 Palm Harbour 5525A Mobile Home Vehicle ID PH062825A (the "Home") and is located at 5548 Marty Road, Orlando, Florida 32822. They rent the lot on which the Home is situated. Bank of America, N.A., f/k/a Nations Bank, N.A. ("Bank of America"), holds a first priority deed of trust security interest in the Home.[2] Bank of America instituted a replevin suit against the Debtors in the Circuit Court of the 9th Judicial Circuit in and for Orange County, Florida captioned *Bank of America, N.A. f/k/a Nations Bank, N.A. v. John W. Carey and Joan G. Carey*, Case No. 06–CA–1263 (40).[3] The state court issued a Writ of Possession on

March 6, 2006 entitling Bank of America to possession of the Home.[4] The Writ of Possession is stamped: "Final 24 Hour Eviction Notice."

The Orange County Sheriff served the Writ of Possession on the Debtors at 1:05 p.m. on March 16, 2006. The Debtors immediately contacted bankruptcy counsel and met with counsel at his law office in Orlando, Florida at approximately 3:00 p.m. on March 16, 2006. Bankruptcy counsel assisted the Debtors with filing an emergency joint Chapter 7 bankruptcy case in order to stay the eviction. Their bankruptcy case was filed at 4:39 p.m. on March 16, 2006 ("Petition Date").

The Debtors understood they were required to obtain credit counseling and telephoned Consumer Credit Counseling Service of Mid–Florida ("CCCSM") as soon as they returned home from counsel's office. CCCSM is a nonprofit budget and credit counseling agency approved by the United States Trustee. The Debtors were not able to complete the credit counseling that day due to computer problems. They attempted to complete the credit counseling via the Internet at their local library, but were unable to complete the program. They successfully completed the credit counseling with CCCSM on March 21, 2006. CCCSM faxed certificates of completion to the Debtors on March 22, 2006 after CCCSM had received the Debtors' money order for payment. The Debtors filed their certificates on March 22, 2006[5] and the Request on March 23, 2006 stating exigent circumstances prevented the Debtors from obtaining credit counseling services until March 21, 2006.[6]

1. Doc. No. 13.

2. Doc. Nos. 1, 20.

3. Doc. Nos. 13, 30.

4. Doc. No. 13.

5. Doc. Nos. 11, 12.

6. The Debtors do not suffer from incapacity or disability rendering them unable to attend an in person, telephone or Internet credit counseling briefing. The Debtors are not en-

The Debtors have limited financial resources. Their Amended Schedule A values the Home at $19,000.00 and it is fully encumbered by Bank of America's secured claim.[7] The Debtors desire to reaffirm and retain their Home.[8] Their monthly income of $2,672.40 derives from wages earned as merchandise sales persons with Walt Disney World (Mrs. Carey has not worked since January 2006) and Social Security.[9] The Debtors' monthly expenses include $408.00 for the Bank of America mortgage and $408.00 for rental of the lot.[10] Their annualized monthly income of $34,744.80 is less than the applicable Florida median family income of $46,351.00.[11]

The Debtors filed their bankruptcy case in good faith and timely provided copies of their 2004 and 2005 tax returns to the Chapter 7 Trustee.[12] They complied with all filing and payment requirements on the Petition Date, with two exceptions. The Debtors did not file copies of all payment advices or other evidence of payments they received within sixty days of the Petition Date. The Debtors did, however, file a Declaration[13] stating they were unable to produce the six months of payment advices because their wages and Social Security benefits are deposited into their bank account by direct deposit. They offered to make available six months of their bank statements evidencing the direct deposits. The Debtors did not obtain credit counseling prior to filing their petition.

The Debtors made every effort to comply with the bankruptcy filing requirements. They are in substantial compliance with all filing requirements. Exigent circumstances existed on March 16, 2006 requiring them to file for bankruptcy protection or be evicted from their Home. They had virtually no time to obtain credit counseling prior to filing their petition. Their failure to obtain credit counseling prepetition was an unintentional violation of the new bankruptcy filing requirements created by the Bankruptcy Abuse Prevention and Consumer Protection Act. They completed the credit counseling post-petition and request exemption from the pre-filing requirement.

The Debtors were ineligible to be debtors in bankruptcy on the Petition Date due to their failure to receive credit counseling within 180 days prior to filing a petition or to request credit counseling five days prior to filing a petition in accordance with the exigent circumstances exemption.

## CONCLUSIONS OF LAW

■ The issues for determination are whether the Debtors fulfilled the statutory requirements of § 109(h) of the Bankruptcy Code and, if not, what consequence should follow. Section 109(h) of the Bankruptcy Code is a new provision created by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA was enacted on April 20, 2005[14] and became generally effective on October 17, 2005. The Debtors filed their bankruptcy case subsequent to the enactment date of BAPCPA. Section 109 be-

gaged in active military duty in a military combat zone.

7. Doc. Nos. 14, 20.

8. *Id.*

9. Doc. No 24.

10. Doc. No. 26.

11. Doc. No. 1, Statement of Current Monthly Income and Means Test Calculation.

12. Doc. No. 10.

13. Doc. No. 3.

14. Pub.L. No. 109–8, 119 Stat. 23 (April 20, 2005).

came effective upon enactment of BAPC-PA and establishes a prepetition credit counseling requirement for all individual debtors:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, *an individual may not be a debtor* under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (2005) (*emphasis added*).

A debtor may obtain an exemption of the credit counseling requirement if the debtor submits a certification to the court that:

> (i) describes exigent circumstances that merit a waiver of the requirements of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A) (2005). The exemption ceases on the date a debtor complies with the credit counseling requirement and in no case will the exemption extend beyond thirty days from the petition date. 11 U.S.C. § 109(h)(3)(B) (2005). A court, for cause, may order an additional fifteen-day extension of the exemption.

*Id.* The credit counseling requirement shall not apply "to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4) (2005).

█ The language of § 109(h)(1) is plain and unambiguous. Section 109(h)(1) requires that a debtor *receive* credit counseling within 180 days *prior* to filing a petition in bankruptcy. The language of § 109(h)(3) is plain and unambiguous. It requires, where exigent circumstances exist, a debtor *request* credit counseling services from an approved nonprofit budget and credit counseling agency at least *five days* prior to filing a petition in bankruptcy. BAPCPA's legislative history confirms the credit counseling requirement was an important component of BAPCPA for Congress, as evidenced by a discussion of that requirement in the introduction to BAPCPA's legislative history:

> [BAPCPA] requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences.

H.R.Rep. No. 109–31, pt. 1, at 2 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 89. The legislative history makes clear that credit counseling is a prepetition requirement:

> Most importantly, S. 256 requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy—such as the potentially devastating effect it

can have on their credit rating—before they decide to file for bankruptcy relief. H.R.Rep. No. 109–31, pt. 1, at 18 (2005), *as reprinted in* 2005 U.S.C.C.A.N 88, 104.

■ The prepetition credit counseling requirement of § 109(h) is a substantive requirement and not a mere formality. Congress created the credit counseling requirement to provide an individual in financial distress an opportunity to evaluate non-bankruptcy debt resolution options. Obtaining credit counseling post-petition does not achieve Congress' purpose.

The Debtors, through their Request, seek exemption from the 180–day credit counseling requirement of § 109(h)(1) claiming exigent circumstances pursuant to § 109(h)(3). Their Request meets the requirement of § 109(h)(3)(A)(i) because it describes exigent circumstances meriting a waiver of the prepetition credit counseling requirement. The Request does not meet the requirements of §§ 109(h)(3)(A)(ii) and (iii). The Debtors first contacted CCCSM[15] within approximately an hour *after* their petition was filed. They attempted to obtain credit counseling services on the afternoon they filed their petition, but were unable to complete counseling until March 21, 2006.

The Debtors did not fulfill the clear requirements of § 109(h)(3)(A)(ii) because they first attempted to obtain credit counseling services *after* their petition was filed. Section 109(h)(3)(A)(ii) required they request credit counseling services at least five days prior to filing a petition.

Contacting a credit counseling agency after a petition has been filed, even within an hour of the filing, is not timely. The Debtors' Request cannot be "satisfactory to the court" since it does not meet the requirements of § 109(h)(3)(A)(ii) and is deficient pursuant to the third prong § 109(h)(3)(A)(iii).[16]

■ A filer who fails to fulfill all of the requirements of § 109(h) "may not be a debtor" in bankruptcy. 11 U.S.C. § 109(h)(1). The requirements of § 109(h) are explicit and leave no room for a court to exercise discretion. Credit counseling services must be *received* within 180 days prior to filing a petition. In exigent circumstances, a debtor is required to contact an approved credit counseling service and attempt to obtain counseling at least five days prior to filing a petition. The filer is ineligible to be a debtor if the request is not made prior to filing the petition "... no matter how dire the circumstances the [debtors find] themselves in at that moment." *In re Sosa*, 336 B.R. 113, 114 (Bankr.W.D.Tex.2005). A filer is ineligible to be a debtor even where a debtor has post-petition "... substantially complied with the intent of the Act by undergoing the required credit counseling." *Id.* at 115.

The Debtors did not obtain credit counseling within the 180–day prepetition period pursuant to § 109(h)(1). They did not request credit counseling services within five days prior to filing their petition as required by § 109(h)(3)(a)(ii) to support an

---

**15.** CCCSM is an approved credit counseling agency pursuant to 11 U.S.C. § 111(a).

**16.** Section 109(h)(3)(A)(ii) fails to take into account the scenario, as in the Debtors' case, where a debtor in exigent circumstances does not have five days in which to make a request for credit counseling and then file a petition. The Debtors were facing eviction from their home within twenty-four hours of receipt of

the Writ of Possession. They did not have five days in which to attempt to obtain credit counseling services. The issue of whether a request made by a debtor to obtain credit counseling less than five days before filing a petition meets the requirements of § 109(h)(3)(A)(ii) is not before the Court at this time.

exigent circumstances exemption. Their Request does not comply with the requirements of § 109(h)(3)(A). They are ineligible to be debtors in Chapter 7.

The statutory provisions created by BAPCPA are new territory for the bankruptcy courts and the courts are without guidance as to the appropriate disposition for the failure to fulfill the § 109(h) credit counseling requirement. Section 109 is silent as to the consequence of ineligibility for failure to obtain credit counseling prepetition.[17] The BAPCPA legislative history is silent as to Congress' intent for failure to meet the credit counseling requirement. Neither the United States Supreme Court nor a court of appeals has yet addressed § 109(h) and the result of a debtor's noncompliance with the credit counseling requirement.

 Section 301(a) indicates striking a petition filed by an ineligible debtor is the proper consequence. A voluntary bankruptcy case "is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a)(2005).[18] An individual, who is deemed ineligible to be a debtor pursuant to § 109(h), may not be a debtor pursuant to § 301(a). The Debtors were ineligible to commence a bankruptcy case pursuant to § 109(h). No case resulted from the filing of their petition pursuant to § 301(a) and there is no case to dismiss. The Debtors' petition is due to be stricken.

Accordingly it is,

**ORDERED, ADJUDGED AND DECREED** that the Debtors were ineligible to be debtors at the time they filed their bankruptcy petition on March 16, 2006 pursuant to 11 U.S.C. § 109(h)(1); and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors' Request for Waiver of Credit Counseling Certificate at Time of Filing Due to Exigent Circumstances is **DENIED** pursuant to 11 U.S.C. § 109(h)(3)(A); and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtors did not commence a Chapter 7 case pursuant to 11 U.S.C. § 301(a) and their petition is hereby **STRICKEN.**

---

17. The courts that have addressed § 109(h) disagree as to the appropriate consequence. Some courts have held a petition filed by an individual who is ineligible pursuant to § 109(h) requires the petition to be stricken on the ground no case was commenced pursuant to 11 U.S.C. § 301 and other courts have held the filing creates an effective bankruptcy case requiring dismissal. *See, e.g., In re Hedquist,* Case No. 06–6007MN, 2006 Bankr.LEXIS 613 (8th Cir. BAP April 10, 2006); *In re Ross,* 338 B.R. 134 (Bankr. N.D.Ga.2006); *In re Salazar,* 339 B.R. 622 (Bankr.S.D.Tex.2006); *In re Rios,* 336 B.R. 177 (Bankr.S.D.N.Y.2005).

18. Section 301 applies to cases commenced pursuant to Chapters 7, 9, 11, 12, and 13. 11 U.S.C. §§ 103(a) and 901(a).