Richard F. **CLIPPARD**, United States Trustee for Region 8, Appellant,

v.

Starlett T. **BASS**, Appellee.

No. 06–2479.

United States District Court, W.D. Tennessee, Western Division.

March 13, 2007.

Court granting debtor Starlett T. Bass's ("Bass") motion to extend time for credit counseling and denying the United States Trustee's ("Trustee") motion to dismiss. The Trustee filed this appeal on July 7, 2006, and filed his brief on August 10, 2006. On January 25, 2007, this court entered an order requiring Bass to show cause within 11 days from the date of the order as to why the Trustee's appeal should not be granted. Bass did not respond.

## I. Jurisdiction and Standard of Review

The court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158(a). A bankruptcy court's findings of fact must be upheld unless clearly erroneous. *In re Made in Detroit, Inc.*, 414 F.3d 576, 580 (6th Cir.2005). A bankruptcy court's conclusions of law are reviewed *de novo*. *Id.*

## II. Background

On February 13, 2006, Bass filed a voluntary chapter 7 bankruptcy petition *pro se*. R. 1.[1] Her petition did not certify that she had complied with the bankruptcy code requirement that all debtors obtain credit counseling before filing a bankruptcy petition.

On February 28, 2006, Bass delivered a document to the Clerk's Office captioned "Notice of Continuance," which was docketed by the Clerk as a "Motion to Extend Time for Credit Counseling." R. 16. Bass's document states in its entirety, "I am asking for a continuance of the due date for my credit certificate because the class is only held once a month and the date is for March 9, 2006."

**ORDER**

Samuel H. MAYS, Jr., United States District Judge.

This is an appeal from the June 12, 2006 Order of the United States Bankruptcy

---

1. References to the docket in the bankruptcy proceedings are identified as R. (docket number). References to the May 11, 2006 transcript are identified as Tr. (page number of the transcript).

On April 4, 2006, forty-nine days after she had filed her bankruptcy petition, Bass participated in credit counseling conducted by Second Chance Budget and Debt Family Counseling Services, Inc. Tr. 15; *see* R. 25. On April 6, 2006, Bass filed with the bankruptcy court a certificate issued by the credit counseling agency confirming that she had obtained credit counseling on April 4, 2006. R. 25.

On April 5, 2006, the bankruptcy court entered an order scheduling an April 20, 2006 hearing on Bass's request for a deferral of the credit counseling requirement. R. 24. On April 19, 2006, the Trustee filed an objection to Bass's deferral request on the ground that she had failed to qualify for a deferral. R. 27. The Trustee also objected to the deferral on the ground that Bass had not received credit counseling within the statutory maximum of 45 days after filing her bankruptcy petition. R. 27. On the same day, the Trustee also filed a motion to dismiss Bass's bankruptcy case, contending that these failures made her ineligible to be a debtor under the Bankruptcy Code. 11 U.S.C § 109(h)(1). R. 28.

On April 20, 2006, the bankruptcy court conducted an evidentiary hearing on Bass's deferral request and the Trustee's objection. R. 24. A hearing to consider the Trustee's motion to dismiss was held May 11, 2006. R. 29. Bass was the only witness who testified at the May 11 hearing. Tr. 8–20; and 32–33.

By order of the court on June 12, 2006, the bankruptcy court granted Bass's deferral request, overruled the Trustee's objection, and denied the Trustee's motion to dismiss. *In re Bass*, No. 06–21011–L, 2006 WL 1593978 (Bankr.W.D.Tenn. June 9, 2006); R. 38. The bankruptcy court found that Bass did not "obtain the credit briefing within forty-five days after the filing of her petition." *Bass*, 2006 WL 1593978, at *5. However, the court found

that Bass had "substantially complied with the requirements of [11 U.S.C.] section 109(h)," which sets forth the credit counseling requirement. *Id.* The court cited 11 U.S.C. § 105(a) for its authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

On June 22, 2006, the Trustee timely filed a notice of appeal under 28 U.S.C. § 158(c)(2) and Fed. R. Bankr.P. 8002(a) from the bankruptcy court's June 12, 2006 order. R. 42. The Trustee argues that Bass is not entitled to a deferral of the credit counseling requirement and that, even if the deferral were appropriate, the bankruptcy court is not empowered to grant a deferral of more than forty-five days.

## III. Analysis

On April 20, 2005, the President signed the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Public Law 109–8, 119 Stat. 23, which became effective October 17, 2005. Included in the BAPCPA's amendments was a new debtor eligibility requirement, added as subsection (h) to section 109 of title 11.

11 U.S.C. § 109(h)(1) provides that:

an individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

This requirement is imposed upon all individual debtors as an eligibility pre-requisite before entering the bankruptcy system.[2] *See, e.g., In re Dixon,* 338 B.R. 383, 389 (8th Cir.BAP2006)(debtor who did not fulfill the credit counseling requirement and did not qualify for a waiver "was not eligible to be a debtor under the Bankruptcy Code."); *In re Gee,* 332 B.R. 602, 604 (Bankr.W.D.Mo.2005)("Without a waiver, Debtor is clearly ineligible to be a debtor under § 109(h)(1) because she did not obtain the required credit counseling services within 180 days prior to the filing of the petition.").

 A debtor can seek a temporary deferral of the credit counseling requirement if the debtor can demonstrate to the bankruptcy court that he or she could not obtain credit counseling before filing for bankruptcy due to exigent circumstances. To qualify for an deferral based on exigent circumstances, the debtor must submit to the court a certification that:

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5–day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). The three requirements of section 109(h)(3)(A) are conjunctive; the debtor must satisfy all three to be eligible for a deferral. *See, e.g., In*

*re Tomco,* 339 B.R. 145, 154 (Bankr. W.D.Pa.2006); *In re Fields,* 337 B.R. 173, 179 (Bankr.E.D.Tenn.2005) (citation omitted).

If the bankruptcy court determines that the debtor has met the requirements of 11 U.S.C. § 109(h)(3)(A), the debtor is granted additional time to receive the required credit counseling, up to a maximum of forty-five days. 11 U.S.C. § 109(h)(3)(B). In "no case" may the bankruptcy court extend the temporary deferral beyond the statutory deadline of forty-five days. *Id.*

 The "Notice of Continuance" that Bass filed with the bankruptcy court did not meet any of the three requirements of a certification justifying an exigent circumstances deferral. First, Bass did not demonstrate exigent circumstances warranting a temporary deferral. Courts are divided about what constitutes exigent circumstances. Some courts have found that the imminent foreclosure of property, especially foreclosure on the debtor's home, is sufficient to constitute exigent circumstances. *See, e.g., In re Graham,* 336 B.R. 292, 297 (Bankr.W.D.Ky.2005); *In re Cleaver,* 333 B.R. 430, 435 (Bankr.S.D.Ohio 2005); *but see In re Talib,* 335 B.R. 417, 422 (holding that imminent foreclosure does not create an exigent circumstance where state law requires several weeks' notice of foreclosure). Bass's notice did not identify any exigency requiring her to file for bankruptcy immediately. Although she stated that credit counseling would not be available under March 9, 2006, she did not explain why she could not have waited until after that date to file for bankruptcy.

---

**2.** A debtor may obtain a permanent waiver of the credit counseling requirement if the United States Trustee waives an entire judicial district because of inadequate credit counseling agencies or if a debtor demonstrates to the bankruptcy court, after notice and a hear-

ing, that the debtor is either incapacitated, disabled, or on active military duty in a military combat zone. 11 U.S.C. § 109(h)(2) and (4). Neither of these sections is at issue in this case.

Therefore, Bass did not satisfy the first prong of the exigent circumstances test.

Bass's notice did not state that she requested credit counseling from an approved agency but was unable to obtain counseling within five days of making the request. The bankruptcy court stated that Bass's notice:

> does not specifically indicate when the Debtor requested the credit briefing, but if the court assumes that she made the request on or near the date of the filing of her petition, then her certification clearly indicates that the next scheduled date for the credit briefing was more than five days after her request.

*Bass*, 2006 WL 1593978 at *4. There is no evidence in the record indicating when Bass requested credit counseling, and, therefore, there is no basis for the bankruptcy court's assumption that credit counseling was not available within five days of her request.

The plain language of the statute requires that the debtor's deferral request state that the debtor requested credit counseling and could not obtain it within five days of her request. Bass's notice did not comply with this requirement. Therefore, she was not entitled to an exigent circumstances deferral. *See, e.g., Gee*, 332 B.R. at 604 (holding that the debtor was ineligible for an exigent circumstances deferral despite demonstrating exigent circumstances because the debtor had not demonstrated that he had requested credit counseling services before filing the petition and was unable to obtain them during the five-day period after making the request).

■ Bass's notice failed to comply with the third prong of the exigent circumstances test because, as a matter of law, a certification cannot be satisfactory to the court if it does not comply with the first two requirements. *Tomco*, 339 B.R. at 161 (debtor's "Certificate of Exigent Circumstances is unsatisfactory as a matter of law due to her non-compliance with the plain language of 11 U.S.C. § 109(h)(3)(A)(ii).").

■ Even if Bass had complied with the requirements of 11 U.S.C. § 109(h)(3)(A), she would not have satisfied the credit counseling requirement because she did not receive credit counseling until forty-nine days after filing her bankruptcy petition. The plain language of 11 U.S.C. § 109(h)(3)(B) states that in "no case" may a temporary deferral extend beyond forty-five days. Therefore, Bass did not receive credit counseling within the maximum time allowable under the statute, and the counseling did not satisfy the statute's requirements.

■ The bankruptcy court concluded that it was empowered to find that Bass had "substantially complied" with the requirements of 11 U.S.C. § 109(h) because 11 U.S.C. § 105(a) gives bankruptcy courts the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Bass*, 2006 WL 1593978, at *5. The majority of courts that have addressed the credit counseling requirement have held that bankruptcy courts have no discretion to deviate from the specific conditions established in 11 U.S.C. § 109(h). *See, e.g., In re Raymond*, No. 06–10275–JMD, 2006 WL 1047033, at *1 (Bankr.D.N.H. April 12, 2006)("The requirements in section 109(h)(3) are mandatory. The court has no discretion to waive the credit counseling certificate requirement or to grant an exemption and extension unless a certification satisfying all three requirements is filed by the debtor."); *In re Fields*, 337 B.R. 173, 180 (Bankr.E.D.Tenn. 2005)("Based upon the plain language of the statute, the court has no discretion

with respect to the consumer credit counseling requirement."). A minority of bankruptcy courts have held that noncompliance with Section 109(h) can be excused in the court's discretion. *See, e.g., In re Nichols,* 362 B.R. 88 (Bankr.S.D.N.Y. 2007); *In re Hess,* 347 B.R. 489, 498 (Bankr.D.Vt.2006). However, the Sixth Circuit has explicitly held that bankruptcy courts' equitable powers cannot be used to contravene statutory requirements. *In re Middleton Arms, Ltd. P'ship,* 934 F.2d 723, 725 (6th Cir.1991)("This Court has held that bankruptcy courts cannot use equitable principles to disregard unambiguous statutory language.") (citation and internal quotation omitted). Therefore, the bankruptcy court was required to apply the unambiguous language of the statute and did not have the discretion to conclude that Bass "substantially complied" with the statute's requirements.

One court that has considered 11 U.S.C. § 109(h) has concluded that whether a debtor has established exigent circumstances under 11 U.S.C. § 109(h)(3)(A)(i) or has complied with 11 U.S.C. § 109(h)(3)(A)(ii) should be reviewed for abuse of discretion. *Dixon,* 338 B.R. at 387. Because the requirements for a satisfactory certification are so precise, this court cannot agree that bankruptcy courts have discretion to determine whether a debtor has substantially complied with the statute's requirements. *See In re Wallert,* 332 B.R. 884, 890 (Bankr.D.Minn.2005) ("[B]ecause the requirements of [section 109(h)] are so clear and so exacting on their face, and because they dovetail with a rational divination of congressional intent, it simply is not open to the courts to depart from their express terms.") Therefore, whether the requirements of 11 U.S.C. § 109(h)(3)(A)(i) and (ii) are met is a matter of law, to be reviewed *de novo.*

Because Bass neither received credit counseling before filing her bankruptcy petition nor satisfied the requirements for an exigent circumstances deferral, she is not eligible to be a debtor under the bankruptcy code. *See, e.g., In re Hedquist,* 342 B.R. 295, 298 (8th Cir.BAP2006); *In re Lackey,* 352 B.R. 769, 771 (Bankr. N.D.W.Va., 2006).

In considering the proper remedy for failure to comply with 11 U.S.C. § 109(h), a "small minority" of courts have stricken bankruptcy petitions rather than dismissing the bankruptcy case. *In re Wilson,* 346 B.R. 59, 64 (Bankr.N.D.N.Y.2006)(citing *In re Carey,* 341 B.R. 798, 804 (Bankr.M.D.Fla.2006); *In re Rios,* 336 B.R. 177, 180 (Bankr. S.D.N.Y.2005)). "[A] much greater number of courts to visit the issue have concluded that dismissal of the case is the only appropriate remedy." *Wilson,* 346 B.R. at 64 (citing *In re Mills,* 341 B.R. 106, 110 (Bankr.D.D.C.2006); In *re Seaman,* 340 B.R. 698, 707–09, (Bankr.E.D.N.Y. 2006); *In re Tomco,* 339 B.R. 145, 161 (Bankr.W.D.Pa.2006); *In re Ross,* 338 B.R. 134, 136 (Bankr.N.D.Ga.2006).)

This court agrees with *In re Mason,* Nos. 06–155, 06–244, 2007 WL 433077 (E.D.Ky. Feb. 5, 2007), which reversed a bankruptcy court's decision to strike rather than dismiss debtors' petitions for failure to comply with the statutory credit counseling requirement. The district court in *Mason* explained that "there is no support for the remedy of striking a debtor's petition in the Bankruptcy Code. On the other hand, the dismissal remedy is explicitly set forth in Section 707 and is not limited to the conditions enumerated in that section." *Id.* at *3. Because the Sixth Circuit has held that bankruptcy courts' equitable powers may not be used to create remedies not established by the Bankruptcy Code, *Pertuso v. Ford Motor Credit*

138

*Co.,* 233 F.3d 417, 423 (6th Cir.2000), the district court in *Mason* held that striking the debtors' petitions was improper.

 This court is also persuaded by those courts that have held that "eligibility to be a debtor is not jurisdictional and that until a bankruptcy court determines eligibility, a case actually exists which cannot thereafter be deemed a nullity by simply 'striking' the case as if it never existed." *Wilson,* 346 B.R. at 64 (citing *In re Mills,* 341 B.R. 106, 110 (Bankr.D.D.C.2006); *In re Seaman,* 340 B.R. 698, 707–09, (Bankr. E.D.N.Y.2006); *In re Tomco,* 339 B.R. 145, 161 (Bankr.W.D.Pa.2006); *In re Ross,* 338 B.R. 134, 136 (Bankr.N.D.Ga.2006)).

Because Bass did not comply with the statutory conditions for receiving a temporary deferral of the credit counseling requirement, the bankruptcy court erred in granting Bass the deferral. Because a temporary deferral can in "no case" be granted for more than forty-five days, the credit counseling that Bass received forty-nine days after filing her bankruptcy petition could not satisfy the credit counseling requirement. The proper remedy for non-compliance with that requirement is dismissal of Bass's bankruptcy case.

## IV. Conclusion

For the foregoing reasons, the bankruptcy judge's order extending time for credit counseling and denying the Trustee's motion to dismiss is REVERSED and REMANDED.

So ordered.