United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-00022
_____

ELIAS SALAZAR; DIANA ROCHA SALAZAR

Petitioners,

v.

WILLIAM E. HEITKAMP, Trustee; U.S. TRUSTEE; DEUTSCHE BANK
NATIONAL TRUST COMPANY,

Respondents.

_____

On Appeal from the United States District Court
For the Southern District of Texas
_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[1]

Petitioners Elias and Diana Rocha Salazar seek permission to appeal the order of the bankruptcy court striking their bankruptcy petition. Petitioners filed a notice of appeal after the bankruptcy court certified its order for direct appeal to this Court pursuant to 28 U.S.C. 158(d)(2). Treating

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Petitioners' notice as a request for permission to appeal under Fed. R. App. P. 5(a)(1), and for the reasons stated below, we conclude that their appeal would be moot and deny permission.

Petitioners filed their first bankruptcy petition on November 1, 2005 without obtaining credit counseling as required by 11 U.S.C. § 109(h). On that same date, Petitioners' home was foreclosed under state law. On November 16, 2005, the bankruptcy court struck Petitioners' bankruptcy petition, and March 30, 2006, denied a motion to reconsider that order. In its March 30, 2006 Order, the bankruptcy court held that it was proper to strike, rather than dismiss, Petitioners' petition, that the automatic stay had not arisen in debtors' case, and thus, the foreclosure of their home was not voidable.

Meanwhile, on December 30, 2005, after the bankruptcy court struck Petitioners' petition but before the court ruled on the reconsideration motion, Petitioners filed a second bankruptcy petition in the same court and before the same judge, accompanied by a certificate of credit counseling. Respondent Deutsche Bank National Trust Company filed a motion for relief from the automatic stay based on the November 1 foreclosure on Petitioners' home. Petitioners argued in response that the foreclosure sale was conducted in violation of a valid bankruptcy

2

stay—essentially the issue presented to this Court by Petitioners' appeal.

On April 28, 2006, after the bankruptcy court certified its Order for appeal and one day after Petitioners filed the notice of appeal in this Court, Petitioners and Deutsche Bank reached an agreement embodied in an Agreed Order Conditioning Automatic Stay. The Agreed Order was signed by Petitioners' counsel, counsel for Deutsche Bank, and the bankruptcy court judge. The agreement indicates that Deutsche Bank and Petitioners agree to a payment schedule and provides that the automatic stay will remain in effect under certain conditions. Deutsche Bank, therefore, is no longer relying on the November 1 foreclosure, but instead on the separate rights embodied in the Agreed Order.

Upon the suggestion of mootness by the U.S. Trustee based on the Agreed Order, in which counsel for Deutsche bank concurred, this Court requested a response from the remaining parties on the issue of mootness. The Chapter 13 Trustee agreed that the appeal was moot, and Petitioners failed to submit any response.

"In general, a matter is moot for Article III purposes if the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Sierra Club v. Glickman, 156 F.3d 606, 619 (5th Cir.1998). "Generally

3

settlement of a dispute between two parties renders moot any case between them growing out of that dispute." John Doe #1 v. Veneman, 380 F.3d 807, 814 (5th Cir. 2004) (citing ITT Rayonier Inc. v. United States, 651 F.2d 343, 345 (5th Cir. 1981)). Because Petitioners consented to an Agreed Order essentially settling the dispute regarding the November 1 foreclosure, Petitioners' appeal would be moot, and we therefore DENY Petitioners' request for permission to appeal.

Request DENIED.