**William Hayes WYTTENBACH,**
**Appellant,**

v.

**COMMISSIONER INTERNAL**
**REVENUE, et al,**
**Appellees.**

**Civil No. M–07–180.**
**Bankruptcy No. 07–70255.**

United States District Court,
S.D. Texas,
McAllen Division.

March 5, 2008.

William Hayes Wyttenbach, McAllen, TX, pro se.

J. Todd Malaise, Malaise Law Firm, San Antonio, TX, for Party of Interest.

Lisa J. Nichols, Corpus Christi, TX, pro se.

Barbara C. Jue, U.S. Govt/Dept of Justice, United States Trustee, Corpus Christi, TX, for Trustee.

## ORDER AFFIRMING BANKRUPTCY COURT'S "ORDER STRIKING PLEADINGS AND RETROACTIVELY ANNULING AUTOMATIC STAY"

RANDY CRANE, District Judge.

### I. Introduction

Now before the Court *is pro se* Appellant William Hayes Wyttenbach's appeal of the "Order Striking Pleadings and Retroactively Annulling Automatic Stay" entered by the U.S. Bankruptcy Court, Southern District of Texas, on July 5, 2007. On June 5, 2007, Appellant filed a "Voluntary Petition to the United States Bankruptcy Court" under chapter 7 of Title 11 of the U.S. Bankruptcy Code. (Doc. 7, Bankr.Docket Sheet, Bankr.Doc. 1). In his petition, Appellant acknowledged that the Bankruptcy Court had recently dismissed with prejudice a chapter 7 petition filed by William H. Wyttenbach (a trust) on grounds of "improper party and lack of jurisdiction." (Doc. 7, Bankr.Doc.1). Appellant filed the June 5 petition on behalf of William H. Wyttenbach (man). *Id.*

On June 29, 2007, Appellees Joe de la Fuente, Rodriguez Marketing, Inc., and Dale Robertson filed an "Emergency Motion to Strike Pleadings and Retroactively Annul Automatic Stay." (Doc. 7, Bankr. Doc.23). Appellees stated in their motion that they had purchased Appellant's condominium at a valid foreclosure sale on June 5, 2007, the date Appellant filed his chapter 7 petition, and were therefore parties-in-interest in the case. *Id.; see* 11 U.S.C. § 1109(b).[1] Appellees moved to strike Appellant's petition and retroactively annul the automatic stay for the following reasons: (1) Appellant had failed to comply with *11 U.S.C. § 109(h)(1)* which requires him to receive credit counseling from an approved agency during the 180-day period preceding the date of the filing of his petition and was therefore not eligible to be a debtor in bankruptcy; and (2) Appellant had failed to disclose that his prior bankruptcy case was dismissed with prejudice on May 17, 2006 on the grounds that he was ineligible to be a debtor pursuant to 11 U.S.C. § 109. *Id.* After a hearing on July 5, 2007, the Bankruptcy Court granted Appellees' motion on the grounds that Appellant had failed to file his credit counseling certificate. (Doc. 7, Bankr.Docket Sheet, Bankr.Doc. 32; Doc. 12). Appellant now challenges the Bankruptcy Court's order on the grounds that the Court based its determination on the false allegation that Appellant is a trust. (Doc. 7, Bankr.Docs. 36, 40; Docs. 9, 13).

---

1. The Court rejects Appellant's contention that these individuals were not "proper parties" to the bankruptcy action. (Doc. 7, Bankr.Docs. 36, 40; Docs. 9, 13).

## II. Standard of Review

 In reviewing the findings of a bankruptcy court, the district court acts in an appellate capacity. *In re Perry*, 345 F.3d 303, 308 (5th Cir.2003). The court reviews the bankruptcy court's conclusions of law *de novo* whereas it may disregard findings of fact only if they are clearly erroneous. *Id.* at 309; Fed. R. Bankr.P. 8013. Findings of fact are not clearly erroneous if they are "plausible in the light of the record as a whole." *In re Ramba, Inc.*, 416 F.3d 394, 402 (5th Cir.2005). Under the clearly erroneous standard, the bankruptcy judge's opportunity to make first-hand credibility determinations entitles its assessment of the evidence to deference by the district court. *Perry*, 345 F.3d at 309; *see also* Fed. R. Bankr.P. 8013. The district court must determine whether the evidence supports the bankruptcy court's findings and set them aside only if left with " 'the definite and firm conviction that a mistake has been committed.' " *Perry*, 345 F.3d at 309 (quoting *In re Dennis*, 330 F.3d 696, 701 (5th Cir. 2003)). On appeal, the district court "may affirm, modify or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013.

## III. Analysis

As noted, Appellees moved to strike Appellant's chapter 7 petition and retroactively annul the automatic stay on two grounds. (Doc. 7, Bankr.Doc.23). Although the Bankruptcy Court granted Appellees' motion based on the first, Appellant's notice of appeal and briefing submitted to this Court address only the second. (Doc. 7, Bankr.Docs. 36, 40; Docs. 9, 12, 13). In short, Appellant challenges the Bankruptcy Court's order granting Appellees' motion on the grounds that he filed his chapter 7 petition as a "man," not a "trust." (Doc. 7, Bankr.Docs. 36, 40; Docs. 9, 13). Therefore, the Bankruptcy Court could not have found him ineligible to be a debtor based on a finding that the prior petition filed by the "trust" had been dismissed with prejudice. *See id.* However, even if Appellant filed his petition as a man, this Court must affirm the Bankruptcy Court's order if that Court permissibly ordered the petition stricken for failure to satisfy the credit counseling requirement set forth in *11 U.S.C. § 109(h)(1)*. That section provides as follows:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180–day period preceding the date of the filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

*11 U.S.C. § 109(h)(1).*

 Appellant does not dispute that he did not fulfill the credit counseling requirement. (Doc. 7, Bankr.Docs. 36, 40; Docs. 9, 13). Although section 109(h) contains certain exceptions to this requirement, Appellant does not argue that any of these apply, nor does it appear to the Court that the record as designated supports their application. *See* 11 U.S.C. § 109(h). Therefore, pursuant to the plain language of the statute, Appellant was ineligible to be a debtor under chapter 7 of Title 11. *See In re Allen*, 378 B.R. 151, 152 (Bankr. N.D.Tex.2007) ("Section 109(h)(1) requires, as a condition of eligibility for relief, that an individual receive a briefing from an approved credit-counseling agency 180 days before filing a petition under chapter

7, 11, 12, or 13."); *In re Hubbard,* 333 B.R. 377, 383 (Bankr.S.D. Tex.2005) (individual who did not obtain pre-petition credit counseling as required by section 109(h)(1) ineligible to be debtor as of petition date).

■ As noted in the recent decision by the bankruptcy court in *In re Henderson,* 364 B.R. 906 n. 9 (Bankr.N.D.Tex.2007), section 109(h) "does not explicitly articulate consequences for a debtor's failure to seek and obtain prepetition credit counseling; it just describes ineligibility." Appellees moved to strike Appellant's petition and retroactively annul the automatic stay, rather than dismiss the petition, pursuant to the authority of two decisions by a bankruptcy court within this district. (Doc. 7, Bankr.Doc.23). In the first decision issued, *In re Hubbard, supra,* the court determined that the putative debtors had failed to satisfy the requirements of section 109(h) and, therefore, they were ineligible to be debtors as of their respective petition dates. *Hubbard,* 333 B.R. at 383. Addressing the legal effect of noncompliance with section 109(h), the court noted that a voluntary bankruptcy case is "commenced" under *11 U.S.C. § 301* "by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." *Id.* at 388 (quoting *11 U.S.C. § 301(a)* ). Therefore, the filing of voluntary petitions by individuals ineligible to be debtors under section 109(h) did not "commence" any case. *Id.* at 388. The court concluded that "[b]ecause no case was commenced under § 301, there is no 'case' to dismiss," and ordered the petitions stricken. *Id.*

Two of the putative debtors whose petition had been stricken filed a motion for reconsideration of the court's decision, which the court addressed in *In Re Salazar,* 339 B.R. 622 (Bankr.S.D.Tex.2006).

The Salazars conceded that they had failed to obtain credit counseling and thus were ineligible to be debtors under section 109(h). *Id.* at 624. However, they argued that the filing of their petition invoked the automatic stay under *11 U.S.C. § 362(a)* and thus rendered voidable the foreclosure on their home that occurred subsequent to filing. *Id.* As the court recognized, section 362(a) provides that with certain exceptions, "a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities...." *Id.* at 625 (quoting *11 U.S.C. 362(a)* ). Under section 302, the section applicable in *Salazar,* "a joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse." *Id.* (quoting *11 U.S.C. § 302(a)* ).[2] The court reasoned that because the Salazars were not eligible to be debtors under section 109(h), they were not eligible to file a petition under section 302, and thus the automatic stay provision was never invoked. *Id.* at 626. The court then addressed at length, and rejected, the countervailing arguments to allowing this result, including equitable concerns, the risk of uncertainty regarding the existence of a stay, and additional statutory language upon which the Salazars relied. *Id.* at 627–32. The court also addressed congressional intent regarding the application of section 109(h) in the context of the automatic stay. *Id.* at 629–30. The court explained:

> A review of the relevant [legislative] history indicates that debtors were to 'receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about all relevant particulars. *See* II U.S.C. § 301(a).

---

**2.** Section 301, the section relevant to the present case, contains language identical in

bankruptcy, its alternatives, and consequences.' H.R. REP. 109–31(I), at 104 (2005), U.S.Code Cong. & Admin, News 2005, pp. 89, 104. Congress intended to give potential filers 'an opportunity to learn about the consequences of bankruptcy . . . before they decide to file for bankruptcy relief.' *Id.* Congressional intent is defied when an ineligible debtor is nevertheless given bankruptcy protections with the automatic stay.

*Id.* at 630.

In sum, the court found that "[i]t is implausible to believe that Congress specifically identified people to exclude from the bankruptcy process, yet permitted those same people to benefit from the bankruptcy's most powerful protection: the automatic stay." *Id.* at 629–30 (emphasis omitted). The court therefore denied the Salazars' motion to reconsider but certified the case for direct appeal to the Fifth Circuit, upon which the Salazars sought permission to appeal. *Id.* at 634–35; *Salazar v. Heitkamp,* 2006 WL 1877284 (5th Cir.2006). Finding that the Salazars had, subsequent to their request for permission to appeal, consented to an Agreed Order essentially settling the dispute regarding the foreclosure on their home, the Fifth Circuit determined that the appeal would be moot and thus denied the Salazars' request. *Salazar,* 2006 WL 1877284.

To date, the Fifth Circuit has not addressed whether striking a petition and annulling the automatic stay is the correct remedy for debtor ineligibility under section 109(h). Although in the minority, other courts have concluded, as did the court in *Hubbard* and *Salazar,* that failure to comply with the requirements of section 109(h) precludes the commencement of a bankruptcy case. *In re Elmendorf,* 345 B.R. 486 (Bankr.S.D.N.Y.2006); *In re Carey,* 341 B.R. 798 (Bankr.M.D.Fla.2006); *In re Rios,* 336 B.R. 177 (Bankr.S.D.N.Y. 2005); *In re Valdez,* 335 B.R. 801 (Bankr.S.D.Fla.2005)("dismissing" petition, rather than case). Others, including another bankruptcy court within this district, have found that dismissal of the case is the proper remedy for non-compliance with section 109(h). *In re Jones,* 352 B.R. 813 (Bankr.S.D.Tex.2006); *see also In re Dixon,* 338 B.R. 383, 389 (8th Cir.BAP2006) (listing cases). In the absence of any clear direction to the contrary, the Court will not disturb the Bankruptcy Court's apparent reliance on the well-reasoned decisions in *Hubbard* and *Salazar* in granting Appellees' motion to strike Appellant's petition and retroactively annul the automatic stay.

## IV. Conclusion

For the foregoing reasons, the Court finds that regardless of whether Appellant filed his bankruptcy petition as a "trust" or a "man," he was ineligible to be a debtor for failure to comply with the credit counseling requirements in *11 U.S.C. § 1.09(h).* Furthermore, the Court finds that striking Appellant's petition and retroactively annulling the automatic stay is a permissible remedy for non-compliance with section 109(h). Therefore, the Court hereby **ORDERS** that the Bankruptcy Court's "Order Striking Pleadings and Retroactively Annulling Automatic Stay" is hereby **AFFIRMED.**